Citation Nr: 1617282 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 11-17 554 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to an increased disability rating greater than 30 percent for Posttraumatic Stress Disorder (PTSD).


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and her granddaughter


ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel
INTRODUCTION

The Veteran had active military service from January 1953 to December 1953.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2010 decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas, which denied the Veteran's claim for an increased disability rating. The Veteran filed a Notice of Disagreement (NOD) in June 2010. The RO issued a Statement of the Case (SOC) in May 2011. In June 2011, the Veteran filed her Substantive Appeal. Thus, the Veteran perfected a timely appeal of this issue.

In November 2013, the Board remanded this appeal to the RO via the Appeals Management Center (AMC), in Washington, DC, for the Veteran to be scheduled for her requested Board hearing. In January 2016, the Veteran was afforded her requested Board hearing before the undersigned Veterans Law Judge (VLJ) at the local RO (Travel Board hearing). A copy of the hearing transcript has been associated with the claims file. 

The Board notes that additional pertinent medical evidence was submitted into the record following the most recent readjudication of this appeal by the Agency of Original Jurisdiction (AOJ) in the May 2011 SOC. To date, these records have not been reviewed by the AOJ, and no waiver from the Veteran or her representative was received. However, the Board finds that the Veteran is not prejudiced by this lack of review by the AOJ, as, upon remand, the AOJ will be able to review these records in the first instance during their readjudication of the issue. Thus, a waiver for this evidence is not necessary at this time. 38 C.F.R. §§ 20.800, 20.1304 (2015).

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record, in addition to the Veteran's Virtual VA paperless claims file.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

Initially, at her January 2016 Board hearing, the Veteran testified that she was treated for her PTSD and prescribed a new medication in January 2016 at the VA Medical Center (VAMC) in Dallas, Texas. These treatment records are not currently in the claims file, as the most recent treatment records from the VAMC in Dallas are dated since March 2015. Attempts by the AOJ to obtain the January 2016 VA treatment records have not been made. Upon remand, all pertinent and recent VA treatment records from the VAMC in Dallas, as well as the other VA facilities where the Veteran is treated, should be obtained and associated with the claims file. See 38 U.S.C.A. § 5103A(a)(1), (b)(1), (c)(1) (West 2014); Loving v. Nicholson, 19 Vet. App. 96, 101-03 (2005).

Additionally, the Veteran's last VA examination to assess the current severity of her PTSD was in March 2015. This examination is now over a year old. Additionally, since that examination, the Veteran testified at her January 2016 Board hearing that she was recently prescribed a new medication by her VA treating physician for the treatment of her PTSD. The Veteran also reported experiencing panic attacks, which were not documented at the March 2015 VA examination. The Board finds that this evidence suggests a worsening of the Veteran's PTSD, and more recent evidence must be obtained in order to determine the current severity of the Veteran's PTSD. An additional VA examination is therefore necessary to determine the current severity of the service-connected PTSD. See Caffrey v. Brown, 6 Vet. App. 377, 381 (1994) (determining that the Board should have ordered a contemporaneous examination of the veteran because a 23-month old examination was too remote in time to adequately support the decision in an appeal for an increased rating); see, too, Allday v. Brown, 7 Vet. App. 517, 526 (1995) (where the record does not adequately reveal current state of claimant's disability, fulfillment of statutory duty to assist requires a contemporaneous medical examination, particularly if there is no additional medical evidence that adequately addresses the level of impairment of the disability since the previous examination); see, as well, VAOPGCPREC 11-95 (1995). 

The Veteran is hereby notified that it is her responsibility to report for any scheduled examination and to cooperate in the development of the case, and that the consequences of failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2015).

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain all pertinent VA outpatient treatment records from VAMC in Dallas, Texas, dated since March 2015 that have not been secured for inclusion in the record. 

Obtain all pertinent VA outpatient treatment records from VAMC in San Antonio, Texas, to include the Community-Based Outpatient Clinic (CBOC) in Kerrville, Texas, dated since April 2011 that have not been secured for inclusion in the record. 

Obtain all pertinent outpatient treatment records from Vet Center in Austin, Texas, dated since March 2010 that have not been secured for inclusion in the record. 

Ensure that the Veteran has not treated by any other local VAMCs.
If no additional medical records are located, a written statement to that effect should be requested for incorporation into the record.

2. After obtaining the above records, schedule the Veteran for a VA psychiatric examination to determine the nature and severity of her service-connected PTSD. The claims file and a copy of this remand must be provided to the examiner for review. All appropriate testing should be conducted, and all clinical manifestations of the service-connected PTSD should be reported in detail.

Specifically, the VA examiner is asked to determine whether the Veteran's connected PTSD is manifested by any of the following:

* Occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood; anxiety; suspiciousness; panic attacks (weekly or less often); chronic sleep impairment; and, mild memory loss (such as forgetting names, directions, recent events).

* Occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and, difficulty in establishing and maintaining effective work and social relationships.


* Occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); and, inability to establish and maintain effective relationships.

* Total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and, memory loss for names of close relatives, own occupation, or own name. 

The examiner should also provide an opinion addressing the functional impairment caused solely by the service-connected PTSD, to include a full description of the effects of the disability upon the person's ordinary activity.

Any opinion expressed by the VA examiner should be accompanied by a complete rationale. If medical literature is relied upon in rendering this determination, the VA examiner should specifically cite each reference material utilized. 

3. The AOJ should also undertake any other development it determines to be warranted.

4. After the above actions have been completed, readjudicate the Veteran's claim. If the claim remains denied, issue to the Veteran and her representative a Supplemental SOC (SSOC). Afford them the appropriate period of time within which to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEBORAH W. SINGLETON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).